

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

MICHAEL SKOLD  Phone: 860-808-5020
DEPUTY SOLICITOR GENERAL

August 31, 2023

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:  Supplemental Authority Notice re *Greenberg v. LeHocky*, No. 22-1733, 2023 U.S. App. LEXIS 22737 (3d Cir. Aug. 29, 2023)**

Dear Ms. Wolfe:

I write to notify the Court of *Greenberg v. LeHocky*, No. 22-1733, 2023 U.S. App. LEXIS 22737 (3d Cir. Aug. 29, 2023), which involved a challenge to Pennsylvania's Rule 8.4(g) and in which the Third Circuit rejected the same standing arguments Plaintiffs make here.

First, the Court began with the obvious: "We must construe the Rule to determine what it arguably proscribes." *Greenberg*, *18. By contrast, Plaintiffs wrongly claim the district court had to blindly accept their unreasonable interpretation and could not examine the question for itself. Pl. Reply, 16-17.

Second, conduct is harassment or discrimination "only when targeted at a person," which the plaintiff's "general advocacy" was not and so fell outside the rule. *Greenberg*, *18, 20. Plaintiffs likewise claim no desire to target their comments at individuals. Def. Br., 24-27.

Third, the defendants' disavowal "weigh[ed] against a credible threat of prosecution" since the plaintiff could not show an "objective reason" to believe their position would change. *Greenberg*, *21-22 and n.5. Defendants' disavowal here likewise will not change since the Rule's commentary compelled it. Def. Br., 17-18.

Fourth, there was no probability of enforcement where the plaintiff identified no examples of discipline under the rule or "the many state bar enactments paralleling" it, and instead relied on irrelevant examples "outside the attorney discipline process". *Greenberg*, *22-23, 28-29. Here too. Def. Br., 16-17, 31.

165 Capitol Ave
Hartford, Connecticut 06141

*An Affirmative Action/Equal Opportunity Employer*

Catherine O'Hagan Wolfe, Esq.
August 31, 2023
P a g e | **2**

  Fifth, that individuals might submit meritless complaints was irrelevant. The "analysis focuses on those responsible for enforcement, not those who make groundless complaints." *Greenberg*, *24. Coupled with the disavowal and lack of enforcement, any fear was speculative because disciplinary authorities "weed[] out meritless complaints" without requiring a response and complaints remain confidential unless authorities pursue discipline. *Id.*, *24-25, 27-28. Here too again. Def. Br., 6-7, 30-31.

  Finally, the concurrence highlighted Connecticut's Rule as one to emulate because its exclusion of protected speech provides a "robust safeguarding of attorneys' First Amendment rights" and alleviates any constitutional concern. *Greenberg*, *30-31 (Ambro J., concurring). That protection is another reason why Plaintiffs have no credible fear of enforcement if they engage in protected speech. Def. Br., 14-20.

          Very truly yours,

          */s/ Michael K. Skold*
          Michael K. Skold
          Deputy Solicitor General

CC: All Counsel of Record (Via ECF)